UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Mitchell Bazzano, individually and on behalf of all others similarly situated, | 1:21-cv-01849 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Toyota Motor Sales, U.S.A., Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Toyota Motor Sales, U.S.A., Inc. ("defendant" or "Toyota") manufactures, markets, and sells the Supra sports coupe ("Product").

2. The Supra was first produced from 1978 to 2002.

3. In 2019, Toyota reintroduced the Supra, but with a chassis, transmission, and engine made by BMW.

4. There have been numerous recalls of the Supra, for reasons relating to radio, seatbelt and rear camera failures, headlight malfunctions and steering problems.

5. While these issues are significant in themselves, they are compounded by the wait times experienced by Supra owners, unable to have their cars serviced within reasonable amounts of time.

6. The Toyota dealerships who sold or leased the vehicles presently lack the parts, equipment, and general familiarity with non-Toyota engines and transmissions, which are necessary to address the issues related to this vehicle and for general issues related to the vehicle.

7. The result is that when Supra owners require service or repair, they are subjected to

1

excessive delays.

8. Supra users are deprived of the full use of their purchases when their vehicles are unable to be serviced within a reasonable time after their requests.

9. Reasonable consumers must and do rely on a company to honestly identify and describe the components and features of their products.

10. Defendant assures purchasers and lessees that it will address and repair issues with the Supra, within a reasonable amount of time, when this is false and misleading.

11. The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

12. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

13. Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

14. The Product is sold for a price premium compared to other similar products, approximately $50,000, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

## Jurisdiction and Venue

15. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

16. Upon information and belief, the aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

17. Plaintiff Mitchell Bazzano is a citizen of Maryland.

18. Defendant Toyota Motor Sales, U.S.A., Inc. is a California corporation with a

principal place of business in Plano, Collin County, Texas.

19. The parties are citizens of different states.

20. Venue is proper because plaintiff resides in this district and a substantial portion of the events giving rise to the claims occurred in this district.

Parties

21. Plaintiff Mitchell Bazzano is a citizen of Edgewater, Anne Arundel County, Maryland.

22. Defendant Toyota Motor Sales, U.S.A., Inc., is a California corporation with a principal place of business in Plano, Texas, Collin County.

23. Defendant is a subsidiary of the largest manufacturer of automobiles in the world.

24. The Supra appeals to car enthusiasts who value performance and comfort.

25. There have been numerous recalls on the Supra since its reintroduction in 2019.

26. Upon information and belief, there exist other issues with the vehicle which have not resulted in recalls but reasonably should have.

27. Regardless of the issue, the outcome is the same – Supra owners are unable to have their vehicles serviced and repaired.

28. Plaintiff bought the Product because he valued attributes of performance, comfort, and reliability.

29. When Plaintiff brought, or inquired about bringing, his Supra to the dealership for servicing and/or repairs, he was told of and/or experienced delays of over six months to return it to him.

30. Plaintiff had to refrain from the full usage of his vehicle during the time in which the Supra was not serviced or repaired.

31. These delays existed prior to the Coronavirus pandemic and are not related to any disruption caused by it.

32. Instead, they are caused by Defendant's sale of a Product without necessary support system in place to account for customary issues faced by owners of any model of car.

33. Plaintiff bought or leased the Product for no less than the above-referenced price or a proportional lease price.

34. Plaintiff knows that all cars may have issues, due to the thousands of unique parts which must flawlessly work together.

35. However, Plaintiff expected that a company which sells cars can promptly and efficiently service and repair them.

36. Plaintiff would not have purchased or leased the Product, or would have paid less for it, if he knew of these issues.

37. Plaintiff chose between Defendant's Product and other similar products which were represented similarly, but which did not have the extensive list of quality-control issues, coupled with the inability to have the car repaired in a timely manner.

38. The Product was worth less than what Plaintiff paid and he would not have paid as much absent Defendant's false and misleading statements and omissions.

39. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's representations are consistent with its composition.

Class Allegations

40. The class will consist of all Maryland residents who purchased the Product during the statutes of limitations for each cause of action alleged.

41. Common questions of law or fact predominate and include whether defendant's

representations were and are misleading and if plaintiff and class members are entitled to damages.

42. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

43. Plaintiff is an adequate representative because his interests do not conflict with other members.

44. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

45. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

46. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

47. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Maryland Consumer Protection Act ("MCPA"), Commercial
Law Art., Md. Ann. Code, §§ 13-101 et seq.</u>

<u>(Consumer Protection Statute)</u>

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Plaintiff and class members desired to purchase a Product was reliable and that repairs or servicing would occur within a reasonable period of time.

50. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

51. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

52. Plaintiff relied on the representations.

53. Plaintiff and class members would not have purchased the Product or paid as much

5

if the true facts had been known, suffering damages.

Breach of Contract

54. Plaintiff and Defendant formed a contract where in return for Plaintiff's purchase or lease of the vehicle, Defendant agreed to repair or service the vehicle within a reasonable amount of time should any issues arise.

55. Defendant was unable to satisfy the contract because it lacked the parts, equipment and on-site familiarity with engines and transmissions made by companies other than Toyota.

56. Plaintiff was damaged by Defendant's breach through the inability to use his vehicle in its fully functioning form.

Breaches of Express Warranty,<br>Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, <i>et seq.</i>

57. The Product was manufactured, marketed, and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it was reliable and that repairs or servicing would occur within a reasonable period of time.

58. Defendant had a duty to disclose and/or provide non-deceptive descriptions, expectations, and marketing of the Product.

59. This duty is based on Defendant's outsized role in the market for this type of Product.

60. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

61. Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices.

62. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

63. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

64. Defendant had a duty to truthfully represent the Product, which it breached.

65. This duty is based on defendant's position, holding itself out as having special knowledge and experience this area.

66. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

67. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

68. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

69. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it was reliable and that repairs or servicing would occur within a reasonable period of time.

70. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

### Unjust Enrichment

71. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   July 23, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com